UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| FIRST FINANCIAL, LLC, <br><br> Plaintiff, <br><br> MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., MERSCORP HOLDINGS, INC., and DECISION ONE MORTGAGE COMPANY, LLC, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   Civil Action No.  22-461 |

NOTICE OF REMOVAL

Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and MERSCORP Holdings, Inc. ("MHI," and with MERS, "Removing Defendants") give notice, pursuant to 28 U.S.C. §§ 1441 & 1446, of the removal to this Court of a civil action commenced against them in the Providence County Superior Court (Rhode Island) identified below.  Removal is appropriate under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and because there is complete diversity between Plaintiff and Removing Defendants (without a local defendant).  Removed Defendants file this Notice without waiving any rights, defenses, exceptions, or obligations that may exist in their favor in state or federal court.

I.       The Action.

Plaintiff First Financial, LLC ("First Financial" or "Plaintiff") filed a Complaint and Jury Demand (the "Complaint") against Removing Defendants and Decision One Mortgage Company, LLC ("Decision One," collectively, "Defendants") in the Providence County Superior Court (the "State Court") on November 14, 2022.  The case is entitled First Financial, LLC v. Mortgage Electronic Registration Systems, Inc., et al., No. PC-2022-06485 (the "Action").  A copy of the

Complaint with accompanying exhibits is attached hereto as <u>Exhibit A</u>.  Service of the Summons and Complaint was made upon MERS and MHI on or about December 2, 2022.  As of this date, there is no proof of service made upon Decision One.  Accordingly, removal is timely.

II.    <u>Pleadings and Notice to State Court.</u>

Pursuant to 28 U.S.C. § 1446(a), certified copies of all pleadings, records, orders and proceedings from the State Court will be filed in this Court.  Contemporaneous with the filing of this Notice, Removing Defendants give notice to Plaintiff and will notify the State Court of this removal.

III.    <u>Statement Of Statutory Basis For Jurisdiction.</u>

The Court has diversity jurisdiction under 28 U.S.C. § 1332.  Section 1332 provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).  The Action satisfies both prongs of Section 1332.

1.    <u>The Amount In Controversy Exceeds $75,000.</u>

This Action meets the $75,000.00 amount in controversy requirement based upon Plaintiff's Complaint and accompanying exhibits.  Section 1446(c)(2) explains that when calculating the amount in controversy for purposes of jurisdiction under 28 U.S.C. § 1332 (a), the "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).  In calculating the amount in controversy, the Court should consider the total amount of monetary relief that a plaintiff seeks. See <u>Dep't of Recreation & Sports v. World Boxing</u>, 942 F.2d 84, 90 (1st Cir. 1991).  A defendant removing a case to federal court must "show a 'reasonable probability' " that the amount in controversy satisfies the jurisdictional

minimum. See Amoche v. Guar. Tr. Life Ins. Co., 556 F.3d 41, 48 (1st Cir. 2009); Youtsey v. Avibank Mfg., Inc., 734 F. Supp. 2d 230, 233 (D. Mass. 2010).  Courts within this circuit have found that when 'the allegations in [a] complaint go to the essence of the validity of [a] mortgage and [the mortgagee's] right to foreclose, the face value of loan is the appropriate measure for the amount in controversy.'"); Cranmore v. Wells Fargo Bank, N.A., No. CV 16-10504-MLW, 2017 WL 7038074, at *3 (D. Mass. Aug. 10, 2017) ("The court, therefore, finds that the face value of the loan is the appropriate measure of the amount in controversy in this case."); Bedard v. Mortg. Elec. Registration Sys., Inc., 2011 WL 1792738, at *1 (D.N.H. May 11, 2011) (measuring property value as amount in controversy for case seeking equitable relief against foreclosure).

Here, Plaintiff's claims arise from and relate to a second mortgage on real property located at 49 Custer Street, Warwick, RI ("Property") granted by the then-owner and non-party Terrance J. DeYoung ("DeYoung") to MERS, as nominee for Decision One on August 11, 2005 (the "Second Mortgage").  According to First Financial, on February 1, 2007, MERS, as nominee for Decision One, assigned it the Second Mortgage.  See Compl. ¶ 16; Compl. Ex. A (the "Assignment").  As the assignee of the Second Mortgage, First Financial claims to be entitled to payment from DeYoung under its terms.  See Compl. ¶¶ 26, 28, 30, 32.  Despite being entitled to payment under the terms of the Second Mortgage, First Financial claims that "on or about June 4, 2021, MERS, without any notice to First Financial, erroneously filed a Satisfaction of Mortgage, thereby canceling and discharging the Second Mortgage." Id. at 18.  Due to this "erroneous" satisfaction of the Second Mortgage, First Financial allegedly suffered harm because it was not paid from closing funds when DeYoung sold the Property to a third-party (also not a party to this case) on August 27, 2022. Id. at 21.

3

The Complaint attaches a pre-suit demand letter dated September 2, 2022, in which First Financial sought payment of $74,211.39 plus per diem interest, accrued at a rate of $8.02 per day. Compl. ¶ 22.  Using the $8.02 per diem, the "payoff amount" now exceeds of $75,000. $8.02 x 115 days = $922.30.  $74,211.39 + 922.30 = $75,133.69.  In the Complaint, First Financial seeks compensatory damages and "attorney's fees and costs."  Because the Complaint sets forth the calculation of the "payoff amount" in excess of $75,000 and also seeks fees and costs, the amount in controversy threshold is met.

    2.    There Is Complete Diversity Of Citizenship Between the Parties.

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  "[F]or purposes of diversity jurisdiction … the citizenship of a limited liability company 'is determined by the citizenship of all of its members.'"  D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 126 (1st Cir. 2011) (quoting Pramco, LLC ex rel. CFSC Consortium LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54 (1st Cir. 2006)). For purposes of diversity of citizenship, a corporation is "deemed to be a citizen of every state…by which it has been incorporated and of the state…where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  A civil action removable solely on the basis of the jurisdiction under section 1332(a) may not be removed if there is a properly joined and served "local defendant" from the state in which the case is brought.  See 28 U.S.C. § 1441(b)(2).

In this case, there is complete diversity between Plaintiff and Defendants and there is no "local defendant."  According to the Complaint, Plaintiff is organized and incorporated under the laws of the State of Arizona doing business in the State of Arizona.  See Compl. ¶ 2.  The Arizona

Secretary of State's website confirms that Plaintiff has a single member, also located in Scottsdale, Arizona. Thus, Plaintiff is a citizen of Arizona. The Complaint alleges that Decision One is a foreign corporation duly organized and incorporated under the laws of the State of Illinois. See Compl. ¶ 3. In addition, as an LLC, Decision One's citizenship is determined by the citizenship of its members, none of which, upon information and belief, are citizens of Arizona or Rhode Island.[1] As to MHI and MERS, the complaint alleges that they are both Delaware corporations with the same principal place of business in Virginia. See Compl. ¶¶ 4-5. Thus, as corporations MHI and MERS are citizens of Delaware and Virginia. Given the foregoing, there is complete diversity and there is no local defendant, making removal under of 28 U.S.C. § 1441 proper.

IV.   Conclusion.

Removing Defendants respectfully request that this Court assume jurisdiction over this matter and that no further proceedings be held in the State Court. To the extent that Plaintiff challenges removal, Removing Defendants reserve the right to brief and argue any issues or questions regarding jurisdiction.

Dated: December 30, 2022

Respectfully submitted,
Defendants,
Mortgage Electronic Registration Systems, Inc. and Merscorp Holdings, Inc.,
by their counsel,

/s/ David E. Fialkow
David. E. Fialkow (Bar No. 9318)
david.fialkow@klgates.com
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA  02111
+1 617 261 3100
+1 617 261 3175 (f)

---

[1] While Decision One has indicated it will consent to removal, it is not required to do so at this time because it has not been served. See 28 U.S.C. 1446(b)(2)(A).

CERTIFICATE OF SERVICE

      I, David E. Fialkow, certify that the foregoing filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on this day, December 30, 2022.

                                              */s/ David E. Fialkow*
                                              David. E. Fialkow